IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS ARROYO,  )
 ) 2:08-cv-01493-GEB-KJM
          Plaintiff,  )
 )  <u>TENTATIVE RULING ISSUED IN</u>
     v.  )  <u>ADVANCE OF MARCH 9, 2009</u>
 )  <u>HEARING</u>
JEFF CAMERON, Unit Commander, )
CA Dept. Of Justice Bureau of )
Narcotics Enforcement; BRANDON )
OLIVERA, City of Rocklin Police )
Office; SCOTT BRYAN, Placer County )
Deputy Sheriff; DAVE BROSE, )
Placer County District Attorney's )
Office Investigator; KEN ADDISON, )
Placer County Deputy Sheriff; BEN )
MACHADO, Placer County Deputy )
Sheriff; RAD T. COULTER, Group )
Supervisor Drug Enforcement )
Administration; REBECCA TAYLOR, )
Special Agent Drug Enforcement )
Administration; DAVID KLINGMAN, )
Special Agent Drug Enforcement )
Administration; ALICIA RAMIREZ, )
Special Agent Drug Enforcement )
Administration; KATIE DORIAS, )
Special Agent, Drug Enforcement )
Administration; and OMAR BERSAMINA,)
Special Agent, Drug Enforcement )
Administration, )
 )
          Defendants.  )
                                    )

          Defendants Rad Coulter ("Coulter"), Katie Dorais ("Dorais"),

Rebecca Taylor ("Taylor"), David Klingman ("Klingman"), Alicia Ramirez

("Ramirez"), and Omar Bersamina ("Bersamina") (collectively "Federal

1

Defendants") move for summary judgment on Plaintiff's federal excessive force claim and for a protective order staying discovery until their summary judgment motion has been resolved.  Each Federal Defendant argues entitlement to summary judgment based on qualified immunity; and each declares he or she did not throw Plaintiff to the ground, which is the excessive force about which Plaintiff complains. Plaintiff opposes the motion and seeks to have the motion continued under Federal Rule of Procedure 56(f), arguing without further discovery, he can neither adequately oppose the motion, nor discover the identity of who threw him to the ground.  For the reasons discussed below, Plaintiff's 56(f) continuance request is denied and each Federal Defendant's motion for summary judgment is granted.

## DISCUSSION[1]

Plaintiff alleges in his Complaint that when he was visiting a friend at the home of Javier Hernandez ("Hernandez") on June 29, 2006, Defendants "detained" and "violently [threw him] to the ground causing serious injuries, including a fractured hip."  (Complaint ¶ 30; Pl. Decl. at 16-17:7-9; Federal Defendants' Statement of Undisputed Facts ("SUF") ¶ 13.)  Earlier that day, agents from the Drug Enforcement Administration ("DEA"), the Federal Bureau of Investigation, and the California Bureau of Narcotic Enforcement/Placer County Special Investigations Unit ("SIU") arrested Hernandez for distributing and selling methamphetamine.  (SUF ¶ 1.) After this arrest, agents proceeded to execute a search warrant at Hernandez's home. (Id. ¶ 5.)   Plaintiff was seated in the driveway near Hernandez's garage; and was subsequently detained and thrown to

---

[1] The summary judgment standard is well known and need not be repeated here.

1  the ground.  (Pl. Decl. at 16-17:7-9; SUF ¶ 13.)  Plaintiff gave
2  deposition testimony that he saw the person who threw him to the
3  ground, but "cannot identify him."  (Pl. Depo. at 30:19.)  He further
4  testified, "I just recall he was kind of shorter than me.  And
5  stronger than me.  He's the one that grabbed me.  He's the one that
6  pushed me to the floor . . . The only thing that I remember was he was
7  wearing a vest and some letters.  The rest I don't really remember."
8  (Id. at 30-31:24-2; 32-33:25-2.)
9       Federal Defendants Coulter, Taylor, and Klingman each
10 declare, "I did not participate in or witness the physical detention
11 of any suspects, including [Plaintiff]."  (Coulter, Taylor and
12 Klingman Decls. ¶ 4.)  Federal Defendant Ramirez declares, "I assisted
13 special agent [ ] Bersamina in detaining a suspect other than
14 [Plaintiff] . . . during execution of [the] search warrant . . ."
15 Additionally, Ramirez and Federal Defendant Bersamina each declare, "I
16 did not participate in or witness [Plaintiff] being physically
17 detained to the ground. . ."  (Ramirez Decl. ¶ 6; Bersamina Decl. ¶
18 3.)
19      Dorais, the only Federal Defendant who witnessed Plaintiff's
20 detention, declares in a declaration filed on December 19, 2008:

>       After [Plaintiff's] failure to respond and comply
>       with the instructions as given, [Plaintiff] was
>       controlled to the ground by an SIU agent.  The SIU
>       agent placed [Plaintiff] on the ground in a single
>       motion that occurred in only a few seconds.  He
>       used a controlled tackle technique.  I did not
>       have the opportunity to react or intervene before
>       [Plaintiff] was put on the ground by the SIU
>       agent.  I did not put [Plaintiff] on the ground.
>       Nor did I give any order or instruction that
>       [Plaintiff] be controlled to the ground or give
>       any directions or instructions with respect to the
>       activity of the local law enforcement officer in
>       placing [Plaintiff] on the ground.  I did not
>       discuss with the SIU agent in advance of execution
>       of the warrant that he intended to physically put

1  |  [Plaintiff] on the ground.  No other DEA agents
2  |  were involved in [Plaintiff's] physical detention.
   |  (Dorais Decl. ¶¶ 10-14.)

Attached to this declaration is a Memorandum Dorais prepared on July 20, 2006, in which she describes what transpired on the evening in question: "Dorais and SIU Agent Jeff Cameron [("Cameron")] detained [Plaintiff]. [Plaintiff] was standing when agents approached. [Plaintiff] was controlled to the ground into a prone position after repeated commands to get down in Spanish and English."  (Dorais Decl., Ex. B.)

Plaintiff argues inconsistencies exist between Dorais' December 19, 2008 declaration, and the July 20, 2006 Memorandum since Dorais' declaration only referenced an unnamed "SIU agent" yet she identified Cameron as the SIU Agent in the Memorandum.  (Pl. Opp'n at 9:13-23.)  Dorais affirmed in a supplemental declaration filed on February 2, 2009, that it was Cameron who put Plaintiff on the ground, declaring: "The 'SIU Agent' referenced in my [previous] Declaration . . . was [ ] Cameron."  (Dorais Supp. Decl. ¶ 2.)  Cameron, however, gave deposition testimony that he did not know "who laid hands on who" and he "didn't" have physical contact with Plaintiff.  (Cameron Depo. at 16:5-10.)

Plaintiff argues he needs further discovery from the Federal Defendants on who threw him to the ground and why inconsistencies exist between Dorais' declaration and Cameron's deposition testimony. The Federal Defendants argue discovery should be stayed until the issue of qualified immunity is resolved.  The Federal Defendants' argument is supported by the following language from the Supreme Court's recent decision in <u>Pearson v. Callahan</u>, 129 S. Ct. 808, 172 L. Ed. 2d 565, 573 (2009):

4

> Because qualified immunity is an immunity from suit rather than a mere defense to liability it is effectively lost if a case is erroneously permitted to go to trial. Indeed, we have made clear that the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery. Accordingly, we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.

Plaintiff argues he should be granted a continuance of the Federal Defendants' motion under Rule 56(f) so further discovery may be conducted. To prevail on his continuance request under Rule 56(f), Plaintiff "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City & County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006). Plaintiff's counsel declares he seeks the following discovery:

> (1) First request for admission asking each Defendant to admit that he or she made physical contact with Plaintiff prior to his first coming into contact with the ground at the time of the incident; (2) First Set of Special Interrogatories asking each Defendant which law enforcement officer he or she believes first came into contact with Plaintiff at the time of the incident and the basis for that belief; (3) First Request for Production of Documents seeking any written documents or reports that refer to Plaintiff or that reference the service of the search warrant at 3438 Lone Ridge Court in Antelope, California on June 29, 2006; and a (4) Second Interrogatory request to Defendant Dorais requesting that she state the circumstances which led to the creation of her July 20, 2006 Memorandum regarding the detainment of Plaintiff and identify any documents she received or generated pertaining to Plaintiff from the time of the incident until July 20, 2006. (Katz Decl. ¶ 9a-d; Joint Statement re discovery at 4, n. 3.)

1  Plaintiff's counsel further declares "the evidence concerning the
2  identity/identities of the agents who caused Plaintiff's injuries will
3  be revealed/clarified through these requests;" and contends this
4  discovery "will establish the liability of the Defendants in this
5  action, test the declarations of the Federal Defendants prepared in
6  support of their summary judgment motion and also potentially [ ]
7  permit the parsing out of Defendants, through voluntary dismissal, who
8  were only tangentially involved in causing Plaintiff's injuries."
9  (Katz Decl. ¶¶ 9, 9d; Pl. Opp'n at 6:4-11.)

10         However, Plaintiff's Rule 56(f) request fails to identify
11 what specific facts further discovery will reveal concerning each
12 Federal Defendant's liability.  Specific facts sought by Plaintiff
13 which would preclude a Federal Defendant's summary judgment motion
14 should include facts showing one of the movants threw Plaintiff to the
15 ground or "failed to intercede" upon observing Plaintiff being seized
16 and thrown to the ground under circumstances creating a duty to
17 intercede.  See Pellegrino v. United States, 73 F.3d 934, 936 (9th
18 Cir. 1996) (holding liability for excessive force "is premised on
19 proof of direct personal responsibility").  See also United States v.
20 Koon, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994), rev'd on other grounds,
21 (holding "police officers have a duty to intercede when their fellow
22 officers violate the constitutional rights of a suspect or other
23 citizen").

24         However, each Federal Defendant has declared that he or she
25 did not throw Plaintiff to the ground and each Federal Defendant,
26 except for Dorais, has declared that he or she did not witness
27 Plaintiff being thrown to the ground.  Further, Dorais has declared no
28

1  Federal Defendants "were involved in [Plaintiff's] physical
2  detention." (Dorais Decl. ¶14.)
3        Dorais also declares Plaintiff was "placed [ ] on the ground
4  in a single motion that occurred in only a few seconds" and that she
5  "did not have any opportunity to react or intervene before [Plaintiff]
6  was put on the ground." (Dorais Decl. ¶¶ 11, 12.) This evidence
7  shows that Dorais "had no realistic opportunity to intercede" when
8  Plaintiff was taken to the ground. Cunningham v. Gates, 229 F.3d
9  1271, 1290 (9th Cir. 2000)(explaining that officers who were present
10 when another officer shot an individual did not violate their duty to
11 intercede because they did not have a "realistic opportunity" to
12 intervene).
13       In light of the summary judgment record, Plaintiff has not
14 explained how the discovery he seeks would controvert each Federal
15 Defendant's declaration that he or she did not throw Plaintiff to the
16 ground, nor Dorais' declaration that during the time Plaintiff was
17 taken to the ground she did not have time to intervene. Further,
18 since Plaintiff has not shown that any Federal Defendant used
19 excessive force against him in violation of his Fourth Amendment
20 rights, the "immunity inquiry" need not be reached. Johnson v. County
21 of L.A., 340 F.3d 787, 794 (9th Cir. 2003). Even if Dorais' immunity
22 defense is required to be decided as to whether she failed to
23 intercede when Plaintiff was taken to the ground, Dorais prevails on
24 this defense since a police officer in her situation could have
25 reasonably believed she had no time to intervene.

For the stated reasons, Plaintiff's 56(f) continuance request is denied and each federal defendant's motion for summary judgment is granted.

Dated: February 26, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge