LAWRENCE G. BROWN
United States Attorney
TODD A. PICKLES
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900
todd.pickles@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS FARIAS ARROYO,<br><br>                Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>                Defendants. | CASE NO.  2:08-CV-01493 GEB-KJM<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING DISCLOSURE OF DEA VIDEOTAPE AND PHOTOGRAPHS** |

      Plaintiff Luis Farias Arroyo, and Defendants Omar Bersamina, Rad Coulter, David Klingman, the United States of America, Jeff Cameron, and Ken Addison, hereby enter the following stipulation.

**RECITALS**

      1.     Plaintiff has propounded discovery on Defendants Bersamina, Coulter, Klingman (collectively "DEA Defendants") and/or the United States requesting production of a videotape of execution of the search warrant on June 29, 2006, at 3438 Lone Ridge Court, Antelope, California ("Videotape").

      2.     The Videotape includes shots of Special Agents of the United States Drug Enforcement Administration ("DEA") and agents of the California Bureau of Narcotics Enforcement and Placer County Special Investigations Unit ("SIU") wearing clothing, insignia, and paraphernalia that identifies them as law enforcement agents.  The Videotape may also include shots of the agents' faces.

3. Plaintiff has also requested photographs of the DEA Defendants that were taken closest in time to June 29, 2006 ("Photographs"). The Photographs may include shots of these individuals wearing clothing, insignia, or paraphernalia that identifies them as law enforcement agents.

4. Special agents of the DEA at times are required to work in situations in which their identities as law enforcement agents must remain confidential or concealed, including in undercover operations or during surveillance operations.

5. Disclosure or dissemination of the Videotape or Photographs beyond the parties to this litigation may compromise the integrity of any on-going or future law enforcement operations or the safety of the individual agents or others to the extent that the Videotape or Photographs depicts the faces of the DEA and SIU agents and depicts them as law enforcement agents.

6. The parties further recognize that the privacy interests of individuals not parties to this action, including agents depicted in the Videotape or in the Photographs who are not defendants in this action, should be protected to the fullest extent possible within the context of this litigation.

**STIPULATION**

Based on the foregoing, the parties hereby stipulate that:

1. Upon execution of this stipulation and entry of an appropriate order by the Court, the DEA Defendants and the United States shall produce to the Plaintiffs and other parties of record a copy of the Videotape and Photographs, as defined above.

2. The Videotape and Photographs shall bear the label "Confidential—Disclosure Subject to Protective Order."

3. The Videotape and Photographs, or copies thereof, may be viewed by or disclosed to or made available to **ONLY** the following persons (collectively "Receiving Parties"):

    (a) The non-federal parties of record who have signed the Acknowledgment to the Stipulation;

    (b) Counsel for the parties (including legal assistants, paralegals, support staff, and other employees of counsel that counsel determines is necessary for effective representation of their clients) who have signed the Stipulation;

          (c)      Consultants or experts retained by the undersigned counsel as part of this litigation;

          (d)      The Court and its personnel;

          (e)      Professional vendors, including but not limited to cour reporters, videographers, document production and imaging vendors, or trial preparation service providers, including jury consultants; and

          (f)      Any other person upon order of the Court or written consent of all of the parties.

    4.      Any party using or referring to Videotapes or Photographs in a deposition or other discovery proceeding shall ensure that access thereto shall be limited pursuant to the terms of this Stipulation, including that the use of the Videotape or Photographs as an exhibit to the deposition and their subsequent attachment to any transcript shall comply with the limitations on disclosure and use set forth in this Stipulation.

    5.      Any party filing the Videotape or Photographs, or copies thereof, with any court shall file and/or lodge such portions under seal in conformance with applicable rules of court or procedure, including Local Rules 39-140 and 39-141 of the Eastern District of California.

    6.      The Videotapes and Photographs shall be kept in secure facilities by the Receiving Parties, and access to those facilities shall be permitted only to those designated persons set forth in Paragraph 3, above.

    7.      This Stipulation is binding on all parties signing below, including the Acknowledgment, and can only be terminated upon written consent of all parties or by order of the Court.

    8.      Upon conclusion of the litigation in the above-captioned matter, including any dismissal, appeal, or settlement, all Receiving Parties will either (1) destroy the Videotape and Photographs or (2) return the Videotape and Photographs to counsel for the DEA Defendants and the United States.  The Receiving Parties shall confirm such destruction or return in writing to counsel for the DEA Defendants and the United States within thirty (30) days of conclusion of the litigation.

    9.      If any Receiving Party receives a subpoena from a third party that requests production of the Videotape or Photographs while still in the possession of any Receiving Party, that Receiving Party shall immediately notify counsel for the DEA Defendants and the United States.

10. The Videotape and Photographs shall by used by the Receiving Parties only for purposes of the above-captioned litigation and not for any other civil litigation, including any involving any of the parties to the litigation.

11. This Stipulation shall in no way govern or preclude use of the videotape by law enforcement agents with respect to any on-going or future criminal investigation.

12. This Stipulation does not apply to the DEA, including is personnel, who already have or otherwise would have access to the Videotape or Photographs in the ordinary course and scope of their employment.

IT IS SO STIPULATED.

DATED: November 4, 2009                LAWRENCE G. BROWN
                                       United States Attorney

                                  By:  /s/ Todd A. Pickles
                                       TODD A. PICKLES
                                       Assistant United States Attorney

                                       Counsel for Omar Bersamina, Rad Coulter, David
                                       Klingman, and the United States of America

DATED: _____, 2009            LAW OFFICE OF STEWART KATZ

                                  By:  _____
                                       STEWART KATZ
                                       GUY DANILOWITZ

                                       Attorneys for Plaintiff

DATED: _____, 2009            PLACER COUNTY COUNSEL

                                  By:  _____
                                       DAVID HUSKEY

                                       Attorneys for Defendant Ken Addison

DATED: _____, 2009            EDMUND G. BROWN
                                       Attorney General for the State of California

                                  By:  _____
                                       JAMES WALTERS
                                       Deputy Attorney General

                                       Attorneys for Defendant Jeff Cameron

**ACKNOWLEDGMENT TO BE BOUND BY STIPULATION**

I, the undersigned, hereby agree to be bound by the foregoing stipulation and to not disclose or disseminate the Videotape or Photographs unless as permitted under the terms of the Stipulation.

DATED: _____, 2009    By: _____
                                     LUIS FARIAS ARROYO

DATED: _____, 2009    By: _____
                                     KEN ADDISON

DATED: _____, 2009    By: _____
                                     JEFF CAMERON

DATED: _____, 2009    By: _____

DATED: _____, 2009    By: _____

DATED: _____, 2009    By: _____

DATED: _____, 2009    By: _____

DATED: _____, 2009    By: _____

DATED: _____, 2009    By: _____

DATED: _____, 2009    By: _____

**ORDER**

This matter came before the Court on the parties' Stipulation Regarding Disclosure of DEA Videotape and Photographs. For good cause showing, having received a copy of the stipulation signed by counsel for all parties, the Court hereby orders that the disclosure of the Videotape and Photograph, as described above, shall be expressly limited to the parties who have signed the Stipulation or Acknowledgment, and shall be disclosed in the manner as set forth in the Stipulation.

IT IS SO ORDERED.

DATED: November 10, 2009.

_____
U.S. MAGISTRATE JUDGE