IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS FARIAS ARROYO,  )
                     )   2:08-cv-01493-GEB-JFM
        Plaintiff,   )
                     )
     v.              )   ORDER
                     )
STATE OF CALIFORNIA, et al., )
                     )
        Defendants.  )
_____)

The undersigned judge recently discovered, in his chambers, a DVD which contains video footage taken in connection with the execution of a search warrant on June 29, 2006, at Lone Ridge Court, Antelope, California ("DVD"). Upon finding the DVD, the docket in this action was reviewed to determine why the undersigned judge has possession of the DVD.

In reviewing the docket, it appears that the DVD was provided to chambers by Defendant Omar Bersamina in support of his Motion for Summary Judgment. (See ECF No. 141-6.) Mr. Bersamina filed a "Notice of Filing of Sealed Evidence" on February 17, 2012, in which he states:

> Defendant Omar Bersamina hereby files under seal Exhibit A to the Supplemental Declaration of David Klingman, and is referenced as Exhibit Q to the Index of Evidence in Support of Bersamina's Motion for Summary Judgment on the Basis of Qualified Immunity. This exhibit is a U.S. Drug Enforcement Administration video that the Court has previously ordered be filed under seal. See Stipulation and

|   |   |
|---|---|
| 1 | Protective Order Regarding Disclosure of DEA Videotape and Photographs, November 12, 2009, at ¶ 5 [Docket No. 138]. Accordingly, pursuant to the Court's November 12, 2009 Order and further pursuant to Local Rule 141(c), Defendant Bersamina files the Video under seal. |

(Id. at 1:20-27.) Defendant Bersamina failed to file the video; rather, it was somehow delivered to chambers.

Evidence cannot be filed or lodged under seal without a court order. E.D. Cal. R. 141(a) ("Documents may be sealed only by written order of the Court, upon the showing required by applicable law.") The November 12, 2009 order referenced in Defendant Bersamina's "Notice of Filing of Sealed Evidence" did not authorize the video to be filed or lodged under seal; rather, that order was a stipulation and protective order concerning discovery of the DVD. (ECF No. 138.) Further, different standards govern the sealing of documents filed in connection with dispositive motions versus the discovery of information pursuant to a protective order. See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006)("[J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy. A 'good cause' showing under [Federal Rule of Civil Procedure ('Rule')] 26(c) will suffice to keep sealed records attached to non-dispositive motions.")

Defendant Bersamina did not address the "compelling reasons" standard when he provided the DVD to the Court in support of his summary judgment motion, nor did he comply with the procedural requirements of Local Rule 141(b) in seeking to file or lodge the DVD under seal.

2

1  Further, Defendant Bersamina was not authorized to deliver the video to
2  chambers without satisfying the applicable sealing procedures.
3          For the stated reasons, the Clerk of the Court shall return
4  the DVD to counsel of record for Defendant Bersamina.
5  Dated:  March 20, 2013

                            _____
                            GARLAND E. BURRELL, JR.
                            Senior United States District Judge